Nathaniel H. GARFIELD, Carol Garfield, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 07–2474–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2008.

Stephen Wagner (Leo L. Esses, on the brief), Cohen Tauber Spievack & Wagner LLP, New York, NY, for Petitioners.

Carol Barthel (Richard Farber, on the brief), for Richard T. Morrison, Acting Assistant Attorney General, Tax Division, United States Department of Justice, Washington, DC., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Nathaniel Garfield and his wife, Carol Garfield, with whom he jointly filed tax returns during the relevant years, appeal from a judgment of the Tax Court (Foley, *J.* ), entered December 18, 2006, 2006 WL 3724941, which sustained the Commissioner's assessment of both a deficiency and an accuracy-related penalty. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. We review the Tax Court's findings of fact for clear error, *see Am. Valmar Int'l Ltd. v. Comm'r*, 229 F.3d 98, 101 (2d Cir.2000), and its legal determinations *de novo, see Texasgulf, Inc. v. Comm'r*, 172 F.3d 209, 214 (2d Cir.1999).

■ [1] We agree with the Tax Court's conclusion that the patent royalty payments do not qualify for long-term capital gains treatment under 26 U.S.C. § 1235 because, to the extent Garfield transferred patent rights to Mechanical Plastics Corp. ("MPC"), he transferred those rights to a related person. *See* 26 U.S.C. §§ 267(b)(2), 1235(d). Garfield asserts that he transferred his patent rights to an unrelated entity by operation of a "forbearance agreement" executed in 1969. There is no evidence of a forbearance agreement in the record aside from Garfield's testimony that it existed, which the Tax Court rejected as not credible. Having reviewed the record, we conclude that the Tax Court's finding was not clearly erroneous.

The Tax Court rejected Garfield's alternative argument that the royalties were long-term capital gains under 26 U.S.C. §§ 1221–1222. The court found that Garfield failed to hold any patent right for the requisite period before transferring it. *See id.* § 1222. Our review of the record reveals no clear error in the Tax Court's finding.

■ Garfield argues that the Commissioner is estopped from challenging his tax treatment of patent royalties because the Commissioner approved that treatment during a 1983 audit. Even assuming (as we do not) that the Commissioner may be estopped from challenging tax treatment after previously indicating his approval, Garfield fails to show that the Commissioner approved *his* treatment of royalty income as long-term capital gain. Rather, the record shows that MPC—not Garfield—obtained a "no change" letter following an audit of MPC's 1981 corporate return.

■ [2] Garfield unsuccessfully argued to the Tax Court that he was entitled to protection from an accuracy-related penal-

ty, *see* 26 U.S.C. § 6662, because he acted in good faith and with reasonable cause when underpaying his taxes, *see id.* § 6664(c)(1). In sustaining the penalty, the Tax Court noted that Garfield did "not contend that [he] followed, or even sought, the advice of a tax professional." Garfield acknowledged at oral argument that he never contended to the Tax Court that he sought or followed professional tax advice. While his Forms 1040 for the years 2000–2002 were signed by Cohen, Estis and Associates, L.L.P., Garfield conceded at oral argument that nothing in the record indicates that Cohen, Estis and Associates, L.L.P. is a tax professional; nor does the record reflect that Garfield provided Cohen, Estis and Associates with complete and accurate information. *See Crigler v. Comm'r,* 85 T.C.M. (CCH) 1091 (2003).

We have considered Garfield's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the Tax Court is **AFFIRMED.**